# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CAPTURION NETWORK, LLC**                                                  **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 2:19-cv-13-KS-MTP**

**LIANTRONICS, LLC and**
**SHENZHEN LIANTRONICS CO., LTD.**                                **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Extend Deadline to Complete Service of Process [11]. On January 19, 2019, Plaintiff filed its Complaint [1]. On April 24, 2019, the Court instructed Plaintiff that "[i]f service upon the defendants is not perfected and proof thereof filed with the court . . . by May 24, 2019[] or the Court does not extend the time for service based upon showing of good cause, this case may be dismissed without prejudice as to the unserved defendants." *See* Order [4].

On April 25, 2019, Plaintiff filed a proof of service indicating that it served Defendant Liantronics, LLC on April 15, 2019. Liantronics filed an Answer [7] on May 2, 2019. On May 27, 2019, Plaintiff filed the instant Motion [11], requesting additional time to serve Defendant Shenzhen Liantronics Co., Ltd. ("Shenzhen"). According to Plaintiff, Shenzhen is a foreign business entity located in China. Plaintiff seeks an extension of "60-90 days" to perfect service on Shenzhen in China.

Federal Rule of Civil Procedure 4(m) explicitly states that it "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." A district court, however, is not "'left helpless when it wants to move a case along.'" *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (quoting *O'Rourke Bros. Inc. v.*

*Hesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000)). Although the 90-day limit of Rule 4(m) does not apply to service in a foreign country, a court may dismiss an action without prejudice if it "determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Id*. "Good faith and reasonable dispatch are the proper yardsticks" *Id*. The Court finds good cause to grant Plaintiff ninety additional days to serve Shenzhen.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Extend Deadline to Complete Service of Process [11] is GRANTED.

2. On or before August 28, 2019, Plaintiff must serve Defendant Shenzhen Liantronics Co., Ltd. and file the proof of service pursuant to Rule 4(l).

3. If service upon Defendant Shenzhen Liantronics Co., Ltd. is not perfected and proof thereof filed with the Court by August 28, 2019, this case may be dismissed without prejudice as to Defendant Shenzhen Liantronics Co., Ltd.

SO ORDERED this the 29th day of May, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE