**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CAPTURION NETWORK, LLC**                                                     **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 2:19-cv-13-KS-MTP**

**LIANTRONICS, LLC and**
**SHENZHEN LIANTRONICS CO., LTD.**                              **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [42] and Amended Motion [45]

for an order to serve Shenzhen Liantronics Co. Ltd. pursuant to Federal Rule of Civil Procedure

4(f)(3).  Having considered the parties' submissions, the record, and the applicable law, the

Court finds that the Motion [45] should be denied without prejudice.

## BACKGROUND

Plaintiff filed this action against Liantronics, LLC ("Liantronics") and Shenzhen

Liantronics Co., Ltd. ("Shezhen") on January 19, 2019.  Plaintiff served Liantronics, and that

company filed an Answer [7] on May 2, 2019.  On May 27, 2019, Plaintiff requested an

extension of the deadline for service of process on Shenzhen, a foreign business entity located in

China. *See* Motion [11]. The Court granted Plaintiff until August 28, 2019, to serve Shenzhen.

*See* Order [14].

Plaintiff hired Aaron Lukken, a process server specializing in international service

pursuant to the Hague Convention, and on June 24, 2019, Lukken submitted a request for service

to the International Legal Cooperation Center in China to perfect service in accordance with the

Hague Convention. *See* [45-1] at 4.  On December 31, 2019, Plaintiff again requested additional

time to serve Shenzhen. *See* Motion [27].  Plaintiff submitted a letter from Lukken stating that he

1

expects "requests for service in China to take 12 to 24 months from submission to receipt of proof . . . ." *See* [27-1].  The Court granted Plaintiff until August 31, 2020, to serve Shenzhen. *See* Order [29].

On August 31, 2020, Plaintiff filed its third Motion [31] for additional time to serve process.  The next day, Shenzhen specially appeared to file a Motion [33], requesting that the Court dismiss it from this action due to Plaintiff's failure to serve process.  On October 7, 2020, following a hearing, the Court found that "Plaintiff has shown reasonable diligence in perfecting service," denied Shenzhen's Motion to Dismiss [33], and granted Plaintiff until October 7, 2021, to complete service. *See* Order [39].

In November of 2020, Lukken received a Certificate from China dated October 10, 2020, stating that Chinese authorities were unable to serve Shenzhen for the following reason: "No such company at the address provided." *See* [45-1] at 1.  On January 20, 2021, Plaintiff filed a Motion [42], seeking an order allowing service upon Shenzhen by electronic means pursuant to Fed. R. Civ. P. 4(f)(3).  Shenzhen filed a Response [43], arguing that the Court should deny the Motion [42] or, in the alternative, order Plaintiff to produce all the evidence it is relying on to support its Motion [42].  The Court set the matter to a hearing, and thereafter, Plaintiff filed an Amended Motion [45], which includes exhibits in support of its request.  On March 12, 2021, Shenzhen responded to the Amended Motion [45]. *See* Response [46].[1]

---

[1] In its Response [46], Shenzhen complains that Plaintiff's Amended Motion [45] should be denied as a "second bite at the apple."  Shenzhen argues that Plaintiff had its chance to present proof and failed.  The Amended Motion, however, provides Shenzhen the very relief it requested in its Response [43] to the first Motion [42]—the evidence Plaintiff is relying on to support its request.  Moreover, Shenzhen had opportunities to respond to the Amended Motion in writing and at the hearing.

On March 15, 2021, the Court conducted a hearing, during which Lukken testified that the address listed in the request for service submitted to Chinese authorities is the address listed for Shenzhen on its own website and the address listed for Shenzhen by the media companies, Bloomberg and Reuters.  At the hearing and in its Response [47], Shenzhen conceded that the address used by Plaintiff for service of process is correct.[2]

## DISCUSSION

Pursuant to Fed. R. Civ. P. 4(h)(2), a business entity outside of the United States may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).  Rule 4(f) provides as follows:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

The United States and China are both signatories to the Hague Convention, a multilateral treaty intended "to simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017).  But, Plaintiff and Shenzhen disagree about whether the Hague Convention is applicable here.  The Convention is not applicable "where the address of the person to be served with the documents is not

---

[2] After learning that service was unsuccessful, Lukken hired an investigative company, which provided Lukken two alternative addresses for Shenzhen.  Shenzhen, however, asserts that the address utilized by Plaintiff to serve process is correct and that the unsuccessful service must have been the result of a mistake by Chinese authorities.

known." *See* Hague Convention, Art. 1, 20 U.S.T. 361 (1969).  Plaintiff argues that the Convention is inapplicable because Chinese authorities have found Shenzhen's address to be invalid, and as a result, Shenzhen's address "cannot be conclusively known."  For its part, Shenzhen argues that its address is known as it is the very address used by Plaintiff.  According to Shenzhen, a mistake by Chinese authorities is the most likely explanation for unsuccessful service.

It seems reasonable for the Court to accept the Central Authority of China's assertion concerning Shenzhen's address as the controlling word on this issue and find that Shenzhen's address is unknown.  The Court, however, need not decide this issue.  Even if Shenzhen's address is known and the Hague Convention applies, the Court, pursuant to Rule 4(f)(3), may allow Plaintiff to use alternative service which comports with constitutional notions of due process.

If the method of service is not prohibited by international agreement, the Court has considerable discretion to allow alternative methods of service under Rule 4(f)(3). *See In re Chinese-Manufactured Drywall*, 2015 WL 13387769, at *4 (E.D. La. Nov. 9, 2015); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  The advisory committee notes to Rule 4 state:

> Paragraph (3) authorizes the court to approve other methods of service not prohibited by international agreements.  The Hague Convention, for example, authorizes special forms of service in cases of urgency if convention methods will not permit service within the time required by the circumstances.  Other circumstances that might justify the use of additional methods include the failure of the foreign country's Central Authority to effect service within the six-month period provided by the Convention . . . .  In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement.  Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.

4

Fed. R. Civ. P. 4, Advisory Committee Notes, 1993 amendments.

The Court must determine whether the form of service requested by Plaintiff—electronic means—is prohibited by the Hague Convention.  "The Convention's text does not explicitly prohibit email service, nor does it prohibit service by 'other means of delivery unknown in the 1960s's.'" *Prem Sales, LLC v. Guangdong Chigo Heating and Ventilation Equip. Co., Ltd.*, 2020 WL 6063452, at *5 (N.D. Tex. Oct. 14, 2020) (quoting *Luxottica Grp. S.p.A. v. Partnerships*, 391 F. Supp. 3d 816, 822 (N.D. Ill. 2019)).  Under Article 10 of the Hague Convention, parties may effect service through means other than a receiving country's central authority, such as the use of postal service, as long as the receiving country has not objected to the specific alternative means of service.[3]  A number of countries, including China, have objected to Article 10 and, therefore, the use of postal channels to effectuate service.  Article 10, however, does not mention service by electronic means.

For this reason, many courts have held that the Hague Convention does not prohibit service by electronic means notwithstanding a country's objection to Article 10, as long as the country has not expressly objected to service by electronic means.  *See Parsons v. Shenzhen Fest Technology Co., Ltd.*, 2021 WL 767620, at *2 (N.D. Ill. February 26, 2021) (collecting cases).

---

[3] Article 10 specifically states as follows:

> Provided the State of destination does not object, the present Convention shall not interfere with-
>
> a)  the freedom to send judicial documents, by postal channels, directly to persons abroad,
> b)  the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
> c)  the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Other courts, however, have found that an objection to postal channels includes email service. *Id.* (collecting cases); *Prem Sales, LLC*, 2020 WL 6063452, at *6 (same).

Shenzhen points the Court to the holding in *Prem Sales*, where the Court concluded that the Hague Convention does not permit email service on a Chinese defendant. 2020 WL 6063452. However, *Prem Sales*—and other similar cases declining requests to serve via email—involved plaintiffs who had not first attempted to serve the foreign defendant under the Hague Convention.  Here, Plaintiff has attempted to serve Shenzhen via the Hague Convention.  Indeed, the court in *Prem Sales* noted that courts "allowed email service only after the plaintiff attempted to serve process via the Hague Convention." *Id*. at 7; *see also In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) ("in cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)").

The United States Court of Appeals for the Fifth Circuit upheld an order allowing service via email upon a defendant located in China after Chinese authorities were unable to serve the defendant. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494 (5th Cir. 2018).  The Fifth Circuit found that service via email was proper pursuant to Rule 4(f)(3), stating: "Overlooking Rule 4(f)(3) entirely, [defendant] argues that the service did not comply with the Hague Convention and Rule 4(f)(1).  This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)." *Id*. at 498.  This Court finds that service on Shenzhen via electronic means is not prohibited by any international agreement in accordance with Rule 4(f)(3). *See Parsons*, 2021 WL 767620, at *3; *In re Chinese-Manufactured Drywall*, 2015 WL 13387769, at *3.

The Court's analysis, however, does not end with a finding that service via electronic means is permitted by Rule 4(f)(3). "Any method of service of process arrived at pursuant to Rule 4(f)(3) must comport with constitutional notions of due process." *RPost Holdings, Inc. v. Kagan*, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012). To meet this requirement, the method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

> There does not appear to be any specific criteria that must be satisfied in order for electronic service on a foreign defendant to satisfy due process. However, courts that have permitted electronic service have found it complied with due process when, for example: (i) the plaintiff provided the e-mail address, account, and/or website through which the plaintiff intends to contact the defendant; (ii) the plaintiff provided facts indicating the defendant to be served would likely receive the summons and complaint; (iii) the e-mail address used was for the defendant's retained attorney; (iv) the summons and complaint were translated into the language spoken in the nation in which service was effectuated; and/or (v) multiple valid forms of service were attempted.

*Parsons*, 2021 WL 767620, at *4.

During the hearing, Plaintiff stated that it had multiple email addresses for Shenzhen. Plaintiff, however, neither provided the email addresses to the Court nor presented evidence indicating that Shenzhen would receive the summons and complaint through any of the email addresses. Without additional information showing that service upon Shenzhen via electronic means would comport with constitutional notions of due process, the Court will not grant Plaintiff leave to serve Shenzhen via electronic means. The Court, however, will deny Plaintiff's Motions [42] [45] without prejudice to its right to file a motion which includes evidence that will allow the Court to determine whether service upon Shenzhen via electronic means would comport with constitutional notions of due process.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [42] and Amended Motion [45] for an order to serve Shenzhen Liantronics Co. Ltd. pursuant to Federal Rule of Civil Procedure 4(f)(3) are DENIED without prejudice.

SO ORDERED this the 18th day of March, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE