# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**CAPTURION NETWORK, LLC**                                                      **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:19-cv-13-TBM-MTP**

**LIANTRONICS, LLC and**
**SHENZHEN LIANTRONICS CO., LTD.**                                          **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [51] for an order to serve Shenzhen Liantronics Co. Ltd. pursuant to Federal Rule of Civil Procedure 4(f)(3). Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [51] should be denied without prejudice.

## BACKGROUND

Plaintiff filed this action against Liantronics, LLC ("Liantronics") and Shenzhen Liantronics Co., Ltd. ("Shezhen") on January 19, 2019. Plaintiff served Liantronics, and that company filed an Answer [7] on May 2, 2019. On May 27, 2019, Plaintiff requested an extension of the deadline for service of process on Shenzhen, a foreign business entity located in China. *See* Motion [11]. The Court granted Plaintiff until August 28, 2019, to serve Shenzhen. *See* Order [14].

Plaintiff hired Aaron Lukken, a process server specializing in international service pursuant to the Hague Convention, and on June 24, 2019, Lukken submitted a request for service to the International Legal Cooperation Center in China to perfect service in accordance with the Hague Convention. *See* [45-1] at 4. On December 31, 2019, Plaintiff again requested additional time to serve Shenzhen. *See* Motion [27]. Plaintiff submitted a letter from Lukken stating that he

expects "requests for service in China to take 12 to 24 months from submission to receipt of proof . . . ." *See* [27-1].  The Court granted Plaintiff until August 31, 2020, to serve Shenzhen. *See* Order [29].

On August 31, 2020, Plaintiff filed its third Motion [31] for additional time to serve process.  The next day, Shenzhen specially appeared to file a Motion [33], requesting that the Court dismiss it from this action due to Plaintiff's failure to serve process.  On October 7, 2020, following a hearing, the Court found that "Plaintiff has shown reasonable diligence in perfecting service," denied Shenzhen's Motion to Dismiss [33], and granted Plaintiff until October 7, 2021, to complete service. *See* Order [39].

In November of 2020, Lukken received a Certificate from China dated October 10, 2020, stating that Chinese authorities were unable to serve Shenzhen for the following reason: "No such company at the address provided." *See* [45-1] at 1.  Thereafter, Plaintiff filed a Motion [42] and Amended Motion [45], seeking an order allowing service upon Shenzhen by electronic means pursuant to Fed. R. Civ. P. 4(f)(3).

On March 15, 2021, the Court conducted a hearing, during which Lukken testified that the address listed in the request for service submitted to Chinese authorities is the address listed for Shenzhen on its own website and the address listed for Shenzhen by the media companies, Bloomberg and Reuters.  At the hearing and in its Response [47], Shenzhen conceded that the address used by Plaintiff for service of process is correct.[1]

---

[1] After learning that service was unsuccessful, Lukken hired an investigative company, which provided Lukken two alternative addresses for Shenzhen.  Shenzhen, however, asserts that the address utilized by Plaintiff to serve process is correct and that the unsuccessful service must have been the result of a mistake by Chinese authorities.

On March 18, 2021, the Court entered an Order [19] denying the Motions [42] [45] without prejudice. The Court determined that service on Shenzhen via electronic means is not prohibited by any international agreement and may be allowed pursuant to Fed. R. Civ. P. 4(f)(3). The Court, however, found that Plaintiff failed to present information demonstrating that its proposed method of service would comport with constitutional notions of due process. Thus, the Court denied the Motions [42] [45] "without prejudice to its right to file a motion which includes evidence that will allow the Court to determine whether service upon Shenzhen via electronic means would comport with constitutional notions of due process."

On June 3, 2021, Plaintiff filed the instant Motion [51], again requesting an order allowing it to serve Shenzhen via electronic means pursuant to Rule 4(f)(3).

## DISCUSSION

"Any method of service of process arrived at pursuant to Rule 4(f)(3) must comport with constitutional notions of due process." *RPost Holdings, Inc. v. Kagan*, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012). To meet this requirement, the method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

> There does not appear to be any specific criteria that must be satisfied in order for electronic service on a foreign defendant to satisfy due process. However, courts that have permitted electronic service have found it complied with due process when, for example: (i) the plaintiff provided the e-mail address, account, and/or website through which the plaintiff intends to contact the defendant; (ii) the plaintiff provided facts indicating the defendant to be served would likely receive the summons and complaint; (iii) the e-mail address used was for the defendant's retained attorney; (iv) the summons and complaint were translated into the language spoken in the nation in which service was effectuated; and/or (v) multiple valid forms of service were attempted.

*Parsons v. Shenzhen Fest Technology Co., Ltd.*, 2021 WL 767620, at *4 (N.D. Ill. Feb. 26, 2021).

Following the March 15, 2021, hearing, Plaintiff again sought the services of Aaron Lukken. On April 29, 2021, Lukken provided a Declaration [50], stating that an investigation revealed two publicly available email addresses for Shenzhen: qsh@lcjh.com and service@liantronics.com. *See* [50] at 3. According to one of Lukken's investigators, "it appears" that Shenzhen has listed qsh@lcjh.com as its "corporate email contact." *Id*. at 2. Lukken also states that the English-language version of the company's website includes service@liantronics.com in the contact information for its "China Headquarters." *Id*. at 3.

In its Motion [51], Plaintiff requests an order allowing service of process upon Shenzhen via these two email addresses. Plaintiff, however, has failed to present sufficient evidence indicating that Shenzhen would receive the summons and complaint via these email addresses. The record does not demonstrate that either email account is a reliable form of contact with Shenzhen. Plaintiff has shown that "it appears" to an investigator that one email account is a corporate email contact, and another account is listed as a contact on a website. But, Plaintiff has presented no information showing that Shenzhen regularly uses the email accounts to conduct business or that the accounts are actively monitored. *See Osio v. Maduro Moros*, 2021 WL 1564359, at *3 (S.D. Fla. Apr. 21, 2021); *U.S. S.E.C. v. China Intelligent Lighting and Electronics, Inc.*, 2014 WL 338817, at *2 (S.D.N.Y. Jan. 30, 2014); *see also Keck v. Alibaba.com, Inc.*, 2017 WL 10820533, at * (N.D. Cal. Dec. 20, 2017) ("Because Defendant Stores have responded to online messages, service through the online messaging system is reasonably calculated to give notice to Defendant Stores and afford them an opportunity to present objections.").

The Court declines to grant Plaintiff leave to serve Shenzhen via these email addresses without additional information showing that service in this manner would comport with constitutional notions of due process.  The Court will again deny Plaintiff's Motion without prejudice to its right to file a motion supported by evidence indicating that Shenzhen would receive the summons and complaint if Plaintiff were allowed to proceed with service via electronic means.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [51] for an order to serve Shenzhen Liantronics Co. Ltd. pursuant to Federal Rule of Civil Procedure 4(f)(3) is DENIED without prejudice.

SO ORDERED this the 30th day of June, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE