IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAPTURION NETWORK, LLC**                                                                 **PLAINTIFF**

v.                                                             CIVIL ACTION NO. 2:19-cv-13-TBM-MTP

**LIANTRONICS, LLC and**
**SHENZHEN LIANTRONICS CO., LTD.**                                          **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion [55] for an order to serve Shenzhen Liantronics Co. Ltd. pursuant to Federal Rule of Civil Procedure 4(f)(3). Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [56] should be granted.

## BACKGROUND

Plaintiff filed this action against Liantronics, LLC ("Liantronics") and Shenzhen Liantronics Co., Ltd. ("Shezhen") on January 19, 2019. Plaintiff served Liantronics, and that company filed an Answer [7] on May 2, 2019. On May 27, 2019, Plaintiff requested an extension of the deadline for service of process on Shenzhen, a foreign business entity located in China. *See* Motion [11]. The Court granted Plaintiff until August 28, 2019, to serve Shenzhen. *See* Order [14].

Plaintiff hired Aaron Lukken, a process server specializing in international service pursuant to the Hague Convention, and on June 24, 2019, Lukken submitted a request for service to the International Legal Cooperation Center in China to perfect service in accordance with the Hague Convention. *See* [45-1] at 4. On December 31, 2019, Plaintiff again requested additional time to serve Shenzhen. *See* Motion [27]. Plaintiff submitted a letter from Lukken stating that he

1

expects "requests for service in China to take 12 to 24 months from submission to receipt of proof . . . ." *See* [27-1]. The Court granted Plaintiff until August 31, 2020, to serve Shenzhen. *See* Order [29].

On August 31, 2020, Plaintiff filed its third Motion [31] for additional time to serve process. The next day, Shenzhen specially appeared to file a Motion [33], requesting that the Court dismiss it from this action due to Plaintiff's failure to serve process. On October 7, 2020, following a hearing, the Court found that "Plaintiff has shown reasonable diligence in perfecting service," denied Shenzhen's Motion to Dismiss [33], and granted Plaintiff until October 7, 2021, to complete service. *See* Order [39].

In November of 2020, Lukken received a Certificate from China dated October 10, 2020, stating that Chinese authorities were unable to serve Shenzhen for the following reason: "No such company at the address provided." *See* [45-1] at 1. Thereafter, Plaintiff filed a Motion [42] and Amended Motion [45], seeking an order allowing service upon Shenzhen by electronic means pursuant to Fed. R. Civ. P. 4(f)(3).

On March 15, 2021, the Court conducted a hearing, during which Lukken testified that the address listed in the request for service submitted to Chinese authorities is the address listed for Shenzhen on its own website and the address listed for Shenzhen by the media companies, Bloomberg and Reuters. At the hearing and in its Response [47], Shenzhen conceded that the address used by Plaintiff for service of process is correct.[1]

---

[1] After learning that service was unsuccessful, Lukken hired an investigative company, which provided Lukken two alternative addresses for Shenzhen. Shenzhen, however, asserts that the address utilized by Plaintiff to serve process is correct and that the unsuccessful service must have been the result of a mistake by Chinese authorities.

On March 18, 2021, the Court entered an Order [49] denying the Motions [42] [45] without prejudice.  The Court determined that service on Shenzhen via electronic means is not prohibited by any international agreement and may be allowed pursuant to Fed. R. Civ. P. 4(f)(3).  The Court, however, found that Plaintiff failed to present information demonstrating that its proposed method of service would comport with due process.  Thus, the Court denied the Motions [42] [45] "without prejudice to its right to file a motion which includes evidence that will allow the Court to determine whether service upon Shenzhen via electronic means would comport with constitutional notions of due process."

Following the March 15, 2021, hearing, Plaintiff again sought the services of Aaron Lukken.  On April 29, 2021, Lukken provided a Declaration [50], stating that an investigation revealed two publicly available email addresses for Shenzhen: qsh@lcjh.com and service@liantronics.com. *See* [50] at 3.  According to one of Lukken's investigators, "it appears" that Shenzhen has listed qsh@lcjh.com as its "corporate email contact." *Id*. at 2.  Lukken also stated that the English-language version of the company's website includes service@liantronics.com in the contact information for its "China Headquarters." *Id*. at 3.

On June 3, 2021, Plaintiff filed a Motion [51], requesting an order allowing service of process upon Shenzhen via these two email addresses.  On June 30, 2021, the Court entered an Order [53] denying the Motion [51] without prejudice.  The Court determined that Plaintiff failed to present sufficient evidence indicating that Shenzhen would receive the summons and complaint via these email addresses.  The Court found that the record did not contain evidence demonstrating that Shenzhen regularly used the email accounts to conduct business or that the accounts were actively monitored.

On August 29, 2021, Plaintiff filed the instant Motion [55], again requesting an order allowing it to serve Shenzhen via electronic means pursuant to Rule 4(f)(3).

## DISCUSSION

"Any method of service of process arrived at pursuant to Rule 4(f)(3) must comport with constitutional notions of due process." *RPost Holdings, Inc. v. Kagan*, 2012 WL 194388, at *2 (E.D. Tex. Jan. 23, 2012). To meet this requirement, the method of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

> There does not appear to be any specific criteria that must be satisfied in order for electronic service on a foreign defendant to satisfy due process. However, courts that have permitted electronic service have found it complied with due process when, for example: (i) the plaintiff provided the e-mail address, account, and/or website through which the plaintiff intends to contact the defendant; (ii) the plaintiff provided facts indicating the defendant to be served would likely receive the summons and complaint; (iii) the e-mail address used was for the defendant's retained attorney; (iv) the summons and complaint were translated into the language spoken in the nation in which service was effectuated; and/or (v) multiple valid forms of service were attempted.

*Parsons v. Shenzhen Fest Technology Co., Ltd.*, 2021 WL 767620, at *4 (N.D. Ill. Feb. 26, 2021).

After the Court denied its Motion [51] without prejudice, Plaintiff hired Axis Geffen, a private investigator, to determine whether the two previously mentioned email addresses (qsh@lcjh.com and service@liantronics.com) and a third email address (1701416591@qq.com)[2] are valid and monitored. Plaintiff submitted a Declaration [54] from Geffen, stating that on July

---

[2] According to Plaintiff, 1701416591@qq.com is an email address "held out" by Shenzhen.

4

7, 2021, he sent an email to each of the subject email addresses from three separate email accounts. [54] at 1.

On July 8, 2021, Geffen received a response email from Vincent Chen, a Sales Engineer from ESDLumen,[3] referencing the information contained in the email sent to service@liantronics.com. *Id*. Chen also sent Geffen a LinkedIn connection request and a direct message. *Id*. at 2. According to Geffen, "Mr. Chen confirmed that all three (3) of the email addresses were 'legal mailboxes under the company' and further that they are 'legal active emails owned and operated by [Shenzhen][4] under the group company Shenzhen Eastar Electronic Co. Ltd." *Id*. Later that day, Summer Ye, "Sales Director for the American Team" for Shenzhen emailed Geffen. *Id*. Ye explained that the "@lcjh.com" email addresses are the official company email addresses used primarily by their domestic staff. *Id*.[5]

On July 8, 2021, Geffen sent additional emails to qsh@lcjh.com and 1701416591@qq.com. *Id*. at 1. On July 12, 2021, Chen responded to the emails which were sent to 1701416591@qq.com. *Id*. at 2.

Plaintiff asserts that the subject email accounts are actively monitored and that Shenzhen will likely receive the summons and complaint via these email accounts. Plaintiff requests that it be allowed to serve Shenzhen via emails sent to the three email addresses. Plaintiff also asks that, as an additional measure, it be allowed to serve Shenzhen via Shenzhen's counsel in this action.

---

[3] According to Geffen, Chen explained that ESDLumen and Shenzhen are part of the same company operating as two commercial brands. *Id*. at 2.

[4] In his Declaration [54], Geffen referred to Shenzhen as "LianTronics." *See* Supplemental Declaration [57].

[5] Ye also confirmed that ESDLumen and Shenzhen are part of the same company operating as two commercial brands. *Id*. at 2.

5

As previously discussed, the method of service must be reasonably calculated, under all circumstances, to apprise Shenzhen of the pendency of this action and afford it an opportunity to present its objections. *Mullane*, 339 U.S. at 314. "The purpose of service is to give appropriate notice to allow parties to properly present their substantive arguments and not to create considerable procedural hurdles to delay an action." *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 2015 WL 13387769, at *6-7 (E.D. La. Nov. 9, 2015).

The Court finds that granting Plaintiff leave to effectuate service through these alternative methods pursuant to Rule 4(f)(3) is justified under the circumstances presented. Shenzhen has had actual notice of this action since at least June 5, 2019, when it specially appeared in this action through counsel. *See* Motion [16]. Since then, Plaintiff unsuccessfully attempted to serve Shenzhen via the Hague Convention, and the Court has determined that service on Shenzhen via electronic means may be allowed pursuant to Fed. R. Civ. P. 4(f)(3). *See* Order [49]. Plaintiff has identified three publicly-available email addresses for Shenzhen and has presented evidence demonstrating that the email accounts are monitored and used to conduct business. Accordingly, the Court will grant Plaintiff's Motion [55]. *See Beijing QIYI Century Science & Tech. Co. v. Shenzhen QIYI Innov. Tech. Co.*, 2018 WL 6589806, *3 (D. Colo. Dec. 13, 2018) ("Numerous courts . . . have permitted service on Chinese defendants by email and/or by substituted service on legal counsel pursuant to Rule 4(f)(3).").

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion [55] for an order to serve Shenzhen Liantronics Co. Ltd. pursuant to Federal Rule of Civil Procedure 4(f)(3) is GRANTED.

2. Plaintiff is granted leave to serve Shenzhen Liantronics Co. Ltd. by emailing the summons and complaint, along with a copy of this Order, to the following email addresses: qsh@lcjh.com; service@liantronics.com; and 1701416591@qq.com and by emailing the summons and complaint, along with a copy of this Order, to Counsel

    for Shenzhen Liantronics Co. Ltd., Lewis Bell, at his email address of record: lbell@watkinseager.com.

3. Counsel for Shenzhen Liantronics Co. Ltd. shall confirm receipt of the summons, complaint, and this Order via reply email within five days of receipt.[6]

4. Plaintiff shall file proof of service on or before October 7, 2021.

SO ORDERED this the 23rd day of September, 2021.

                                        s/Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE

---

[6] If defense counsel fails to confirm receipt, the Court may direct Plaintiff to have the summons and complaint personally served upon counsel, at the expense of Shenzhen Liantronics Co. Ltd.