IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAPTURION NETWORK, LLC**                                                                    **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 2:19-cv-13-TBM-MTP

**LIANTRONICS, LLC and**
**SHENZHEN LIANTRONICS CO., LTD.**                                                **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for an Award of Costs [62]. Plaintiff filed this action against Liantronics, LLC ("Liantronics") and Shenzhen Liantronics Co., Ltd. ("Shezhen") on January 19, 2019. On February 22, 2019, Plaintiff requested that Shenzhen waive service of process. *See* Notice [6]. Shenzhen did not waive service of process. Instead, Shenzhen—a foreign company located in China—requested service pursuant to the Hague Convention.

For more than two years, Plaintiff was unable to serve Shenzhen. On September 23, 2021, however, the Court granted Plaintiff leave to serve Shenzhen via electronic means. *See* Order [58]. Plaintiff served Shenzhen on October 5, 2021, and Shenzhen filed its Answer [60] on November 1, 2021.

On November 23, 2021, Plaintiff filed the instant Motion [62], requesting an order from the Court awarding Plaintiff the expenses it incurred in making service. Fed. R. Civ. P. 4(d)(2) provides as follows:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A) the expenses later incurred in making service; and

1

    (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

See Fed. R. Civ. P. 4(d)(2).

  Rule 4(d)(2), by its terms, applies to defendants located within the United States. Plaintiff argues that despite the language of Rule 4(d)(2), the Court may shift the cost of service to Shenzhen because Rule 4(d)(1) provides that a defendant has "a duty to avoid unnecessary expenses of serving the summons." The Court disagrees. Advisory Committee Notes to Rule 4 state that "the provisions for shifting the cost of service apply only if the plaintiff and the defendant are both located in the United States, and accordingly a foreign defendant need not show 'good cause' for its failure to waive service." Additionally, the Notes state that there are no "adverse consequences to a foreign defendant" for declining to waive service, "since the provisions for shifting the expense of service to a defendant that declines to waive service apply only if the plaintiff and defendant are both located in the United States." Accordingly, Plaintiff may not recover the costs incurred for Shenzhen's failure to waive service. *See O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000) ("Rule 4(d)(2) provides foreign defendant the ability to waive service but exempts them from costs for a failure to execute the waiver.").

  IT IS, THEREFORE, ORDERED that Plaintiff's Motion for an Award of Costs [62] is DENIED.

  SO ORDERED this the 4th day of January, 2022.

              s/Michael T. Parker
              UNITED STATES MAGISTRATE JUDGE